IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FULL ASSOCIATION BUSINESS SERVICES, INC dba FABS,<br><br>            Plaintiff,<br><br>   v.<br><br>PATRICIA GRCEVICH, DNJ PROPERTY MANAGEMENT SERVICES, INC. dba COMMON INTEREST MANAGEMENT SERVICES, DAN NELSON, AND DOES 1 to 100 inclusive,<br><br>            Defendants.<br>                                                              / | No. C 11-05169 WHA<br><br>**ORDER REMANDING ACTION** |

In October 2011, this trade secrets action was removed from Contra Costa Superior Court based on plaintiff's sole federal claim for relief: RICO violation. Plaintiff recently amended the complaint to removed its RICO claim. In the operative complaint, all claims for relief are pursuant to California law. The parties are all residents of California. An order to show cause why the action should not be remanded was issued (Dkt. No. 24). Plaintiff responded by agreeing that the case should be remanded.

Section 1447(c), which applies to cases removed from state court, provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A district court has discretion to exercise supplemental jurisdiction over remaining state law claims after a sole federal claim is dismissed. *Albingia Versicherungs A.G. v. Schenker Intern. Inc.*, 344 F.3d 931, 938 (9th Cir. 2003).

In this action, judicial economy weighs against exercising supplemental jurisdiction. The action was recently removed, no lengthy motions have been filed, and no substantive orders have been issued. Thus, this action shall be remanded. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   January 17, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE